# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR096 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JOSHUA THACKER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On August 17, 2017, defendant Joshua Thacker ("Thacker"), pursuant to a plea agreement, entered a plea of guilty to Count One of the indictment, charging Thacker with conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B), and 846. On January 17, 2018, the Court sentenced Thacker to a term of imprisonment of 88 months. (Doc. No. 179 (Judgement).) Thacker did not take a direct appeal from the Court's judgment, and he did not file a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Now before the Court is Thacker's motion to run his federal sentence concurrent with his sentences imposed by the State of West Virginia. (Doc. No. 207.) The government opposes the motion. (Doc. No. 208.)

A federal court's authority to modify a defendant's prison sentence is expressly limited by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). According to 18 U.S.C. § 3582(c)(1)(B), a court may only modify the terms of an imposed sentence: (1) upon motion of

the Director of the Bureau of Prisons (the "BOP"); (2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) when the defendant's term of imprisonment is based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). Any reduction of an imposed sentence must be consistent with the applicable policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c); *see United States v. Hameed*, 614 F.3d 259, 267 (6th Cir. 2010).

None of the provisions enumerated in 18 U.S.C. § 3582 permitting sentence modification are applicable in Thacker's case. Nonetheless, Thacker requests that the Court modify its sentence to order that it to run concurrent with his sentences imposed by the State of West Virginia. Though his motion is not entirely clear, he appears to suggest that West Virginia state court has agreed to permit his federal sentence to run concurrent to his state sentences but that the Federal Bureau of Prisons ("BOP") does not want to honor such an arrangement (Doc. No. 207 at 1407.)

Moreover, Thacker has not provided this Court with any specific information regarding the nature of his state court sentences, such as the nature of the crime(s), the length of the sentences, or the date of the conviction(s). To the extent his state sentences were not pending at time of sentencing in this case, the Sixth Circuit has held that "18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a non-yet-imposed state sentence." *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir. 1998). This Court would have been without authority to make a determination regarding whether his federal sentence would run concurrently with any later-imposed state sentence. Additionally, Thacker has cited no authority, nor is the Court aware of any, by which the Court can retroactively order his sentences

2

to run concurrently.

Because the Court is without authority to modify his federal sentence, Thacker's motion (Doc. No. 207) is DENIED.

**IT IS SO ORDERED**.

Dated: May 16, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**